ARTHUR D. DEXTER *vs.* ROMEO D. ASSELIN, *Registrar.*

JANUARY 29, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is an appeal under the provisions of general laws 1956, §31-11-25, from an order of the registrar of motor vehicles denying the appellant's application for a new license subsequent to a revocation of his existing valid license to operate a motor vehicle upon the public highways of this state. Following a hearing by a justice of the superior court, he reserved decision on the appeal and acting under G. L. 1956, §9-24-27, certified to this court as of doubt and importance the question whether G. L. 1956, §31-11-18, conferring upon the registry authority to so revoke operators' licenses, is violative of certain designated provisions of the constitution of this state.

It appears from the record that appellant was taken into custody by the police on June 3, 1959 in connection with an incident not involving either the ownership or operation of a motor vehicle. While in custody he was found to have in his possession a fictitious motor vehicle operator's license. Under G. L. 1956, §31-11-1 (a), it is made a misdemeanor for any person to "have in his possession any * * * fictitious * * * operator's or chauffeur's license." On June 11, 1959 the registrar notified appellant that his valid operator's license was revoked "Because you have had in your possession a fictitious license in accordance with 31-11-18 of the Motor Vehicle Code (31-11-1A)."

Thereafter, on or about June 15, 1959, appellant made application to the registry of motor vehicles for a new operator's license. This application was denied on July 6,

1959, under G. L. 1956, §31-10-3, which provides that the registry shall not issue any license hereunder "To any person * * * whose license is under suspension, during such suspension, nor to any person whose license has been revoked * * *." On the following day, July 7, 1959, the appellant filed a bill in equity wherein he appealed from the order of revocation of June 11, 1959. He contended that §§31-11-1 (a) and 31-11-18 were unconstitutional, and in that appeal a, superior court justice granted the prayer for a temporary stay of the revocation.

On July 14, 1959 appellant appealed to the superior court from the order of the registrar denying his application for a new license. In his reasons of appeal therein appellant incorporated all of the reasons assigned in his bill in equity filed July 7, 1959 wherein he appealed from the order of June 11, 1959 revoking his license. He thereby sought to raise in the appeal from the denial of his application for a new license all of the issues contained in the proceedings pending before the superior court with regard to the revocation of his license.

It was in this posture that the trial justice heard the appeal from the denial of the application for a new license and decided that the issues raised were of such doubt and importance as to warrant, pursuant to G. L. 1956, §9-24-27, the certification of the following question:

"A. Does G. L. 1956, 31-11-18, which reads as follows:

" 'The registry may cancel, suspend, or revoke any license issued under Chapter 10 of this title for any cause it may deem sufficient'

by virtue of which appellant's license was revoked on June 11, 1959, unlawfully delegate legislative power to an administrative agency, to wit, the Registry of Motor Vehicles, without sufficient standards, criteria, and limitations, in derogation of R. I. Constitution, Art. 1 Sec. 10, which reads as follows:

" '. . . nor shall he be deprived of . . . liberty . . . unless by the law of the land'.

"And also Art. III of the R.I. Constitution which reads as follows:

"'The powers of the government shall be distributed in three departments: the Legislative, Executive and Judicial.'?"

We are of the opinion that on the state of the record in the appeal from the denial of the application for a new license the above question could not be certified to this court. It pre-supposes that the issues raised by the bill in equity, wherein appellant appealed from the order of revocation, were properly before the superior court in the hearing held pursuant to the appeal taken from the denial of the application for a new license. Such an assumption is clearly erroneous.

General laws 1956, §31-11-25, provides, "Any person aggrieved by any order of the registrar may appeal therefrom to the superior court for the counties of Providence and Bristol by filing, within ten (10) days from the date of the notice to such person of the issuance of the order appealed from, a petition in said court stating the grounds upon which the appeal is taken."

It is under this provision that appellant brought the bill in equity appealing from the order of revocation and the instant appeal from the order denying his application for a new license. The record discloses that the appeal from the order of revocation was taken some twenty-six days after appellant received notice of such revocation and was more than two weeks out of time. Therefore that appeal was never a part of the record in the instant case, and as was stated in *Ravenelle* v. *City of Woonsocket*, 73 R. I. 270, at page 276, "The recent amendment to the statute regulating the certification of constitutional questions to this court has not altered the necessity of properly bringing such question upon the record."

Therefore, the sole question before the superior court in the appeal from the denial of a new license, as presented by the appellant in his relevant reasons of appeal, was

whether the action of the registrar in denying his application therefor was unlawful. That question, however, has not been certified to us and we express no opinion regarding it.

For the reasons stated, we are of the opinion that the certification is not proper. Accordingly the papers in the case are ordered sent back to the superior court for further proceedings.

*Pontarelli & Berberian, Aram K. Berberian,* for appellant.

*J. Joseph Nugent,* Attorney General, *Archie Smith,* Assistant Attorney General, for State.